IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 2366 |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[1]

On March 22, 2017, this Court issued an opinion (doc. # 22) affirming the November 4, 2015 decision of the administrative law judge ("ALJ"), which found that Ms. Murphy was disabled from April 13, 2007 (her alleged onset date) through November 30, 2008, but that as of December 1, 2008, she no longer was disabled because medical improvement had occurred and Ms. Murphy was able to perform substantial gainful activity. On April 18, 2017, Ms. Murphy timely moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (doc. # 24).

"Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures. But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citations and quotations omitted). "A 'manifest error' occurs when the district court commits a

---

[1]On June 22, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 9).

wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015), quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). However, "a Rule 59(e) motion is not to be used merely to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Plaintiff raises three arguments in her motion to reconsider: (1) the ALJ failed to adequately articulate how she arrived at December 1, 2008 as the date of medical improvement (Pl.'s Mot. to Reconsider at 1-3); (2) the ALJ's credibility determination was erroneous (*Id.* at 3-4); and (3) this Court misunderstood plaintiff's argument regarding her plantar fasciitis (*Id.* at 4). None of these arguments presents a sound basis for the Court to reverse its prior ruling.

Plaintiff's arguments all "rehash" contentions this Court considered and rejected in its Memorandum Opinion and Order. In her original motion for remand, plaintiff alleged three grounds for remand: (1) the ALJ erred in finding that Ms. Murphy did not meet a listing as of December 1, 2008 because that determination ignored the ME's testimony that Ms. Murphy no longer met a listing as of late 2009 or 2010; (2) the ALJ improperly discredited plaintiff's and her husband's testimony; and (3) the ALJ failed to consider plaintiff's foot problems in assessing her RFC (Mem. Op. and Order at 11, citing Pl.'s Mot. at 1; Pl.'s Mem. at 14-15). In addressing the first two arguments, we held that the ALJ's determination that December 1, 2008 was the date of medical improvement was supported by substantial evidence and that the ALJ's credibility findings were not patently wrong (*See* Mem. Op. and Order at 13-15). Plaintiff's motion for reconsideration offers nothing that persuades the Court that we erred in those determinations.

Likewise, in the Memorandum Opinion and Order, the Court addressed and rejected plaintiff's argument that remand was warranted because the ALJ failed to consider plaintiff's

foot problems in formulating her RFC (Mem. Op. and Order at 16, citing Pl.'s Mem. at 14). We rejected plaintiff's argument because the ALJ's decision that Ms. Murphy's foot problems were not severe was supported by substantial evidence, and plaintiff did not "point to evidence in the record that shows that plantar fasciitis caused her more functional limitations than those already accounted for in the RFC" (Mem. Op. and Order at 16).

Ms. Murphy now argues that the Court misunderstood her argument that the ALJ erred in not accounting for plaintiff's foot problems in the RFC because the Court wrote that: "plaintiff's argument here -- that her gait and strength were normal during examinations because her pain was only at its worst during a few moments of the day -- supports the ALJ's determination that plantar fasciitis did not result in more than mild functional limitations" (Mem. Op. and Order at 16). Ms. Murphy argues that, to the contrary, her description of when her foot pain was at its worst means that she "cannot be on her feet long enough to work above the sedentary level" (Pl.'s Mot. to Reconsider at 4). We disagree. Ms. Murphy essentially made the same argument in her original motion as she offers on the motion for reconsideration: that including more limitations in the RFC to account for her foot condition would limit Ms. Murphy to sedentary work (Pl.'s Mem. in Supp. of Mot. for Remand at 15). Neither in her original motion nor in the motion for reconsideration has Ms. Murphy pointed to any evidence that shows that her plantar fasciitis caused her more functional limitations than those already accounted for in the RFC.

## CONCLUSION

For the foregoing reasons, we deny plaintiff's motion to reconsider (doc. # 24).

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: April 26, 2017**